Buynak *v.* Wilkes-Barre Police Pension Fund Association, Appellant.

Argued April 20, 1961. Before Jones, C. J., Musmanno, Jones, Cohen, Bok and Eagen, JJ.

Theodore A. Evans, with him George I. Puhak, for appellant.

Edward D. Morgan, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, July 17, 1961:

Stephen M. Buynak [Buynak] was a member of the Police Department of the City of Wilkes-Barre from August 14, 1923 until August 24, 1959—thirty-six years—on which latter date he retired. Buynak, a contributor to and a member in good standing of the Wilkes-Barre Police Pension Fund Association [Fund][1] was entitled to and is presently receiving a monthly pension of $166.97, equal to one-half his police salary.

On January 18, 1952, the legislature amended the Police Pension Act of 1931, supra. The Act of January 18, 1952 (1951), P. L. 2105, §1(b), 53 PS §39303, provides, inter alia: "(b) In addition to the retirement allowance which is authorized to be paid from the police pension fund by this act, and notwithstanding the limitations therein placed upon such retirement allowances and upon contributions, every contributor who shall become entitled to the retirement allowance shall also be entitled to the payment of a 'service increment' in accordance with and subject to the conditions hereinafter set forth." In sub-paragraph 1, this increment is

---

[1] This Fund was established by the City of Wilkes-Barre in accordance with the Act of 1931, June 23, P. L. 932, §4301, as amended, 53 PS §39301.

declared to be equal to 1/40th of the retirement allowance for each year after the contributor has served the minimum number of years required by ordinance. In computing the increment, no employment is to be considered after the contributor has reached the age of sixty-five years and the increment shall in no case exceed $100 per month. Under sub-paragraph 2, each contributor is required, after the effective date of the amendment, to pay into the retirement fund a monthly sum in addition to his retirement contribution which shall be equal to $\frac{1}{2}$ of 1% of his salary, provided that such payment shall not exceed the sum of $1.

Subsequent to the passage of the amendment, the City of Wilkes-Barre took no action thereunder until March 15, 1960 when it passed an ordinance effectuating the provisions of this amendment, which ordinance by its provisions became effective March 15, 1960 except in respect to contributions of members toward service increments which became effective retroactively to January 18, 1952. Under this ordinance every "contributor" to the Fund is eligible for the "service increment" (Section 10.2); each contributor from and after January 18, 1952, shall pay in addition to his pension contribution, a sum equal to $\frac{1}{2}$ of 1% of his salary not exceeding $1 per month toward the "service increment" (Section 10.4); Section 10.7 provides: "all officers and employees of the Bureau of Police who are now contributors to the Pension Fund and all those so employed by the City of Wilkes-Barre after the effective date of this amendment if required to become contributors to the Pension Fund, shall be subject to the provisions of this amendment."

Buynak having retired approximately six months prior to the passage of this ordinance but, willing to pay such additional sum or sums as contribution to the "service increment" as may be required, now seeks to obtain 16 service increments.

On September 1, 1960, Buynak sued the Fund for additional monthly payments of $66.24—the "service increments"—in the Court of Common Pleas of Luzerne County. After issue joined and oral argument, the court, speaking through Judge Frank L. Pinola, entered judgment in favor of Buynak and against the Fund. From that judgment this appeal is taken.

An examination of this amendatory statute indicates that the legislature set up thereby a method for the payment of so-called "service increments" in addition to the regular retirement allowance provided under the 1931 Act, supra, and that this statute included in its coverage "all members of the police force who are now [January 1, 1952] contributors to the Retirement Fund". Buynak on January 1, 1952 was a contributor to the Fund, and clearly within the coverage of this amendatory statute.

The Fund first maintains that this amendatory statute did not become effective until the City by ordinance implemented it and placed it in operation. Such an argument is entirely without merit. The Act of 1952 required councilmanic action, and then, only by implication, insofar as it was required to set the amount of the "monthly sum" to be paid by the contributor in addition to his retirement contribution. In all other respects, the Act of 1952 is a self-executing statute. That such was the intention of the legislature is evident by a comparison of the Act of 1952 with another Act amending the Act of 1931, supra, to wit, the Act of 1959.[2] When the legislature in 1959 further amended the 1931 Act, it provided that such amendments would apply only "if council elects by ordinance"; the presence of such language in the 1959 Act contrasted with the absence of such language in the 1952 Act clearly indicates the legislative intention that the provisions of

---

[2] Act of July 27, 1959, P. L. 569, 53 PS §39301 et seq.

the 1952 Act were mandatory and effective without councilmanic action. By inaction the City could not withhold service increments from the contributors to the Fund nor deprive them of their rights given to them by statute. The belated action of the City by the passage of this ordinance eight years after passage of the statute cannot alter, interfere with or diminish any rights which Buynak acquired under the statute.

The Fund next contends that if Buynak is entitled to any service increments such increments should begin only as of January 1, 1952, the effective date of the Act. Section 1(b)(1) of the Act provides for a formula to compute the service increments and this formula provides that the service increments "shall be the sum obtained by computing the number of whole years after having served the minimum required by ordinance [in the case at bar twenty years] during which a contributor has been employed by such city . . . and multiplying the said number of years so computed by an amount equal to one-fortieth of the retirement allowance." In the case at bar, Buynak was employed by the City as a police officer for thirty-six years and the minimum years of service required under the City ordinance was twenty years, therefore, "the number of whole years" served in excess of the minimum required service was sixteen years. Any other interpretation of this statutory language would render meaningless the provision. If Buynak had retired on January 1, 1954, instead of 1959, under the theory advanced by the Fund, Buynak would be entitled to have the formula calculated by computing the "number of whole years" over the required minimum service on the basis of two "whole years", whereas, in fact, he had at that time been employed by the City for eleven "whole years". Such a result was clearly not the legislative intendment. Buynak is definitely entitled to service increments from 1943, when he completed the minimum required service as a police officer

for the City, until his retirement in 1959, a total of sixteen service increments.

Lastly, the Fund contends that at a meeting of the policemen of the City a majority voted to waive the service increments. The court below well answered this contention: "There is no merit to the fourth contention of counsel for the Pension Fund. Of course, any policeman may choose to waive the right to the increment. But no part of the group of policemen, however large, can deprive him of that right. It is agreed by counsel that the plaintiff was not in favor of the waiver of the increment at the meeting at which action was taken, so that he has not waived his rights."

Judgment affirmed.