Board of Commissioners of Montgomery County,
Appellant v. John B. Lukens, et al., Appellees.

Argued April 8, 1980, before President Judge
CRUMLISH and Judges WILKINSON, JR., MENCER,
ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge
BLATT did not participate.

*George P. Wood, Stewart & Wood,* for appellant.

*J. Peirce Anderson, Kane, Pugh, Anderson, Subers & McBrien,* for appellees.

OPINION BY JUDGE ROGERS, May 29, 1980:

The Board of Commissioners of Montgomery County has appealed from a final order of the Court of Common Pleas of Montgomery County directing them to enter into collective bargaining with representatives of the Montgomery County detectives. We affirm.

On June 23, 1978, J. Peirce Anderson, Esquire, wrote to the Board of Commissioners as follows:

> Please be advised that 21 of 24 of the County Detectives have determined to enter into collective bargaining pursuant to Act 111 [Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §217.1 et seq.] and have selected Lodge No. 14, Fraternal Order of Police-Team Concept and myself as bargaining agent and attorney. Accordingly, please accept this letter as a formal request to enter into bargaining sessions concerning terms and conditions of employment...."

John Stewart, Esquire, replied on behalf of the Board of Commissioners by a letter dated June 30, 1978, writing in part:

> It is the position of the Commissioners that Act 111 does not apply to Montgomery County and further that it is unconstitutional in scope and in intent. The Commissioners, therefore, regret to advise you that they will not enter into bargaining sessions with you or the Fraternal Order of Police.

The appellees, Lukens and Cyrus and the county detectives in their own right, thereafter filed their complaint in mandamus against the Commissioners in which they alleged that Lukens and Cyrus had been selected by vote of the detectives to serve as a bargaining committee; that the Commissioners had refused to enter into collective bargaining with them; and that Act 111 required the Commissioners to bargain. They sought peremptory judgment ordering the Commissioners to begin collective bargaining with the appellees. The Commissioners filed an answer and new matter challenging *inter alia* the constitutionality of Act 111, the propriety of the election and selection of Lukens and Cyrus as bargaining representatives for the detectives and the appropriateness of mandamus and peremptory judgment therein. Over the objections of the Commissioners, a judge conducted a hearing at which both parties adduced evidence, the plaintiffs in support of and the defendants in opposition to, the former's application for peremptory judgment. The hearing judge found that the detectives perform the normal duties of policemen and that they had chosen appellees Lukens and Cyrus and one Hilborn to act as their bargaining agents. The trial judge concluded that Act 111 was applicable to the issues. but that attorney Anderson's letter of June 23, 1978 was not timely notice to the Commissioners to begin collective bargaining at least six months before the start of the next fiscal year as required by Section 3 of Act 111, 43 P.S. §217.3, because the letter had not named the correct bargaining representatives of the detectives, having referred in this capacity to the Fraternal Order of Police instead of Lukens and Cyrus. The trial judge concluded, however, that the Commissioners had been provided proper notice to begin collective bargaining by the complaint filed on August 4, 1978 and entered a decree nisi directing the Commissioners to commence

bargaining with the appellees on or before July 1, 1979 for the 1980 fiscal year. Both parties filed exceptions to the trial judge's decree nisi, all of which exceptions were dismissed by the court en banc. The decree nisi was directed to be entered as a final order and this appeal by the Commissioners followed. No complaint is made as to the procedures followed below and we neither approve nor disapprove them and get to the merits.

The Commissioners first say it was error to give peremptory judgment after conducting a hearing to resolve material issues of fact raised by the pleadings. They contend that peremptory judgment may be entered only where a plaintiff's right to relief is clear on the face of the pleadings and affidavits. We disagree. Rule 1098 of the Pennsylvania Rules of Civil Procedure provides pertinently:

> At any time after the filing of the complaint [in mandamus], the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown.

The rule does not limit the court to an examination of the pleadings in its inquiry into whether the plaintiff has a clear right to relief and the Commissioners cite no authority to support their argument that the matter must be decided solely on pleadings. While it is true that a court cannot enter peremptory judgment where there are substantial issues of fact, *Venneri v. County of Allegheny*, 5 Pa. Commonwealth Ct. 105, 289 A.2d 523 (1972), the judge here correctly found, after the evidentiary hearing, that there remained no substantially disputed issue of facts.

The Commissioners next say that the court had no jurisdiction because the Pennsylvania Labor Relations Board (PLRB) has exclusive jurisdiction over questions of representation. In support of this argument they re-

ly on *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board*, 470 Pa. 550, 369 A.2d 259 (1977), where the Supreme Court held that the PLRB had jurisdiction to conduct a representation election to determine which of two competing labor organizations had authority to represent employees covered by Act 111 although that Act contains no provision for such elections. There is here no competition for representatives and no need for a supervised election. The only other so-called issue of representation raised by the Commissioners emanates from the fact that the detectives' attorney, in his letter of June 23, 1978, named the Fraternal Order of Police rather than Lukens and Cyrus as the agent for the detectives. This was resolved by uncontradicted evidence that Lukens and Cyrus (and Hilborn) were duly elected representatives of the detectives. Therefore, *Hartshorn v. County of Allegheny*, 460 Pa. 560, 333 A.2d 914 (1975), where the Supreme Court held that county detectives are policemen within the meaning of Act 111 and that mandamus is the proper remedy to compel bargaining where the detectives' right to such is clear, controls.

Finally, the Commissioners say that Act 111 is unconstitutional because it does not require the election of bargaining representatives by secret ballot and denies employees equal protection of the laws by providing for the election of representatives by the vote of only fifty percent of policemen and firemen. Because we hold that the Commissioners have no standing to raise these issues, we need not decide them here.

The Supreme Court has held that "a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192, 346 A.2d 269, 280 (1975). (Footnote omitted). Here, the Commissioners

challenge the constitutionality of Section 1 of Act 111, 43 P.S. §217.1, which provides pertinently:

> Policemen or firemen employed by a political subdivision of the Commonwealth or by the Commonwealth shall, through labor organization or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers concerning the terms and conditions of their employment....

The rights to bargain collectively and through representatives chosen as the Act provides are those of the policemen or firemen, so that if the statute violates constitutional rights, it is they who are affected, not the public employer.

Order affirmed.

## ORDER

AND Now, this 29th day of May, 1980, the final order of the Court of Common Pleas of Montgomery County dated June 13, 1979 is affirmed.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I disagree that the court below had jurisdiction to determine the questions of representation and appropriateness of bargaining unit presented to it. Accordingly, I dissent.

While Act No. 111, Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §217.1 et seq., is silent as to the procedure for certification of a labor representative, reason requires that the designation take place in accordance with the provisions and procedures already established by statute and administered by the Pennsylvania Labor Relations Board. This conclusion is

also the dictate of the Supreme Court in *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board*, 470 Pa. 550, 369 A.2d 259 (1977).

The Board of Commissioners of Montgomery County raised questions of the proper labor representative and the procedure for election and selection of the same. The exclusive jurisdiction to resolve these questions is placed in the Pennsylvania Labor Relations Board, not the Court of Common Pleas.