596 A.2d 292

**Dominick R. PERRUSO, Appellant,**

**v.**

**TOWNSHIP OF PALMER, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 1, 1991.

Decided Aug. 1, 1991.

---

Anthony C. Busillo, II, Harrisburg, for appellant.

Donald S. Himmelreich, Easton, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Dominick Perruso (Appellant) appeals from an order of the Court of Common Pleas of Northampton County (trial court) which held that Appellant was not eligible for a normal retirement pension until he had satisfied the eligibility requirements of 55 years of age and 25 years of service. We affirm.

Appellant was hired as a police officer by the Township of Palmer (Township) on January 3, 1966, when Appellant was thirty-nine years of age. Effective at that time was Township Ordinance No. 35 (Ordinance 35), adopted on July 3, 1961, which established a police pension fund. Under Ordinance 35, a regular full-time police officer was eligible for retirement benefits at age 60 with 20 years service.

A state statute[1] relating to township police pensions was also in force at the time Appellant was hired as a police officer. Section 3 of this act, 53 P.S. § 769, which sets forth the eligibility standards, reads in pertinent part as follows:

Each ordinance or resolution establishing a police pension fund shall prescribe a minimum period of total service in the aggregate of twenty-five years in the same borough, town or township and shall fix the age of the members of the force at fifty-five years ... after which they may retire from active duty.... ·

Notwithstanding any provision of this act, members of a police force for whom a pension fund has heretofore been established who have attained or attain the age of sixty years, or fifty-five years, if the age had been so fixed by ordinance or resolution, may retire after a period of total service of twenty years.

From the time Appellant was hired until sometime in 1983 or early 1984, the reports Appellant received from the pension fund's actuary indicated that he could retire at age 60 after 20 years service. Appellant applied for retirement benefits on February 7, 1989, when he was 62 years of age, with 23 years of service as a police officer. This application was denied on the basis that 25 years of service was required.

Appellant filed an action in equity to enforce his entitlement to receive his pension under the terms of Ordinance 35, i.e. age 60 with 20 years service. The case was sub-

1. Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. §§ 767–778.

mitted to the trial court, which entered judgment against the Appellant. This appeal followed.

The issue on appeal [2] is whether the state statute is self-executing so as to preempt the inconsistent provisions of Ordinance 35.

The case of *Buynak v. Wilkes–Barre Police Pension Fund Association, Inc.*, 404 Pa. 491, 173 A.2d 114 (1961) is instructive on this issue. In *Buynak* the supreme court was interpreting an amendment to the police pension provisions of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §§ 39301–39307, which entitled each police officer to a service increment in addition to his base retirement pension. The state statute providing for this increment was enacted in 1952,[3] but the City of Wilkes–Barre took no action until March 15, 1960 to change its pension ordinance to effectuate the change in the state statute. Buynak, who had retired from the police force six months before the City had changed its ordinance, sued for the service increments, arguing that the increments were mandated by the state statute. The supreme court held that the state statute was self-executing as manifested by the mandatory language of the statute. The same reasoning applies to the statute in question in the present matter.

The state statute requires townships with a police force of three or more full-time members to establish a police pension fund, and to, at a minimum, require 25 years of service before the member is eligible for retirement benefits. The only discretion granted to the township is the age at which retirement is possible, and then only if an actuarial study shows that the reduced age is financially feasible. The legislative intent is clearly mandatory, and self-execu-

2. Our scope of review in equity matters is limited to determining whether the trial court abused its discretion or committed an error of law. *Quaker City Yacht Club v. Williams,* 59 Pa.Commonwealth Ct. 256, 429 A.2d 1204 (1981).

3. Section 1 of the Act of January 18, 1952, P.L. 2105, *as amended,* 53 P.S. § 39301.

ting, requiring no action by the Township to be enforceable. Because the state statute was effective, prior to Appellant's date of hire, the terms of the state statute must control.

Appellant, without addressing the question of whether the state statute is self-executing, argues that because he was provided with statements from the pension plan's actuary that he would be eligible for retirement after 20 years of service, and because the Township did not amend Ordinance 35 until 1972 to require 25 years of service, the Township is estopped from enforcing the provisions of the state statute. The error in this argument is that the representations upon which Appellant alleges he relied, were not made by the Township, but rather by the independent actuary, and such mistaken interpretations can not be charged to the Township. *See Kirkpatrick v. Butler County Commissioners*, 7 Pa.Commonwealth Ct. 106, 298 A.2d 607 (1972). In addition, because the state statute was self-executing, the Township was not required to change its ordinance in order to enforce the 25 year service requirement.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, August 1, 1991, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.