618 A.2d 1185

In re Arbitration Between the BOROUGH OF BERWICK AND the BOROUGH OF BERWICK POLICE DEPARTMENT.

**Appeal of the BOROUGH OF BERWICK.**

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1992.
Decided Dec. 17, 1992.

Franklin E. Kepner, for appellant.

Wendy Dullen Bowie, for appellees.

Before CRAIG, President Judge, COLINS, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Borough of Berwick (Borough) appeals to this Court from the Columbia County Common Pleas Court order affirming the arbitrator's decision that officers of the Borough Police Department (police) may retire at the age of fifty, after twenty years of service, effective January 1, 1991.

The parties stipulated before this Court to the following pertinent facts. The Teamsters Local Union No. 764 is the authorized collective bargaining representative for the police. The Borough has a pension fund for its police. At the time of the collective bargaining negotiations, the Teamsters suggested a contract term allowing police to retire at fifty years of age after twenty years of service. The Borough said the Borough Council did not have any objection to the proposal in the event that it proved to be actuarially sound and the Council would not be held liable by the Auditor General or otherwise. A study established that, if no other changes were made in the ordinance, the proposed contract term of retirement was actuarially sound. The Borough, however, refused

to agree to the proposed term. The parties then submitted to arbitration, and the police were granted the right to retire at the age of fifty after twenty years of service. The Borough appealed, arguing that the arbitrator's decision was prohibited by state law. The common pleas court disagreed with the Borough and affirmed.

■ Our review of this Act 111[1] case is in the nature of narrow certiorari and, thus, our scope is limited to only (1) the question of jurisdiction; (2) the regularity of the proceedings; (3) questions of excess in the arbitrator's exercise of his powers; and (4) constitutional questions. *City of Washington v. Police Department of Washington*, 436 Pa. 168, 174, 259 A.2d 437, 441 (1969).

■ In the case *sub judice*, the single issue presented for our review is whether the arbitrator acted in excess of his authority in granting the term of retirement proposed by the police, thereby requiring our reversal of the common pleas court order affirming that award.

The Borough asserts that the arbitrator's award violates the language of both its own municipal ordinance governing retirement of police and that of Section 3 of the state statute[2] pursuant to which the relevant ordinance was enacted. There can be no doubt that this is so, and, indeed, the police do not deny such a violation. The Borough cites *Appeal of Upper Providence Township*, 514 Pa. 501, 526 A.2d 315 (1987) for the proposition that "an arbitration award may be in excess of the exercise of the arbitrators' powers if it requires the public employer to perform an act that it is prohibited by law from performing ... or if it does not involve legitimate terms or conditions of employment...." *Id.* at 514–515, 526 A.2d at 321–322. (citations omitted).

Section 9 of Ordinance No. 1059 regarding retirement eligibility provides in pertinent part:

1.  "Collective Bargaining for Police and Firemen Act," Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10.
2.  Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. § 769.

Every member of the police force of the Borough of Berwick who shall have served a minimum period of total service in the aggregate of twenty-five (25) years on the Borough of Berwick Police Force and shall have reached the age of fifty (50) years, after which they may retire from active duty, and such members as are retired shall be subject to service, from time to time, as a police reserve, in cases of riot, tumult, or preservation of the public peace, until unfitted for such services, when they may be finally discharged by reason of age or disability.

Moreover, 53 P.S. § 769 concerning retirement and police reserves states:

Each ordinance or resolution establishing a police pension fund shall prescribe a minimum period of total service in the aggregate of twenty-five years in the same borough, town or township and shall fix the age of the members of the force at fifty-five years, or, if an actuarial study of the cost shows that such reduction in age is feasible, may fix the age of the members of the force at fifty years, after which they may retire from active duty, and such members as are retired shall be subject to service, from time to time, as a police reserve, in cases of riot, tumult or preservation of the public peace until unfitted for such service, when they may be finally discharged by reason of age or disability.

Notwithstanding any provision of this act, members of a police force for whom a pension fund has heretofore been established who have attained or attain the age of sixty years, or fifty-five years, if the age had been so fixed by the ordinance or resolution, may retire after a period of total service of twenty years.

While these laws clearly conflict with any right of the police to retire at the age of fifty after twenty years of service, the police maintain that the arbitrator's decision did not grant a retirement provision prohibited by law because, in lieu of their right to strike, Act 111 must be considered to prevail over 53 P.S. § 769 where the police have chosen to collectively bar-

gain. The police contend that this case presents an issue of first impression.

According to Section 1 of Act 111,

[p]olicemen or firemen employed by a political subdivision of the Commonwealth or by the Commonwealth shall, through labor organizations or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.

The police argue that this section of Act 111, when taken together with Section 4 of the Act and Article 3, section 31 of the Pennsylvania Constitution, both of which mandate legislative action to carry out arbitration awards, is dispositive of the arbitrator's powers to award increased pension benefits in this case. The police look to *Commonwealth of Pennsylvania v. State Conference of State Police Lodges of the Fraternal Order of Police,* 525 Pa. 40, 575 A.2d 94 (1990) to further their contention. There, our Supreme Court decided, *inter alia,* that, in view of Sections 1 and 4 of Act 111 and of Article 3, section 31 of our Constitution, an arbitration award which gave the state police greater pension benefits was permissible both statutorily and constitutionally. *Id.* at 46, 575 A.2d at 97.

Nonetheless, we disavow any reading of *State Conference of State Police Lodges* as being applicable here. That case involved the issue of whether a repealer in the State Employees' Retirement Code[3] precluded bargaining over pension benefits under Act 111. It concerned pension benefits of the *state* police. In this instance, we are reviewing an arbitration award affecting *local* police only.[4] Taking the analysis of the borough police to its logical conclusion, they seem to want us

---

3. 71 Pa.C.S. §§ 5101–5956, *as amended.*

4. Moreover, it is enlightening to point out that, after our Supreme Court reversed us and held in *State Conference of State Police Lodges* the arbitration award granting the state police greater benefits was permis-

to proclaim that an arbitrator in one municipality may, at his sole discretion, without exceeding his powers, issue an award mandating necessary steps to be taken by the legislature, thereby instituting a change not only in that municipality, but in the entire Commonwealth. Such a proclamation on our part would wreak havoc on our system of legislative action as we know it.[5] This we shall not do.

■ Arbitrators may not require a governing body to carry out an act which is illegal. *Fraternal Order of Police v. Hickey,* 499 Pa. 194, 452 A.2d 1005 (1982); *Grottenthaler v. Pennsylvania State Police,* 488 Pa. 19, 410 A.2d 806 (1980); *City of Washington.* In *Cheltenham Township v. Cheltenham Police Department (Cheltenham I),* 8 Pa.Commonwealth Ct. 360, 301 A.2d 430 (1973), we set aside an arbitration award which was contrary to 53 P.S. § 769 because it provided for the retirement of bargaining unit members at the age of fifty-three without there having been an actuarial study conducted pursuant to that section showing the feasibility of such an age reduction.

Relying on our decision in *Cheltenham I,* we cannot in this case conclude that the arbitrator may make an award contravening applicable statutory law. Here, neither 53 P.S. § 769 nor the Borough ordinance provide for retirement at the age of fifty with twenty years of service, even in the face of an actuarial study purporting to find such a term actuarially sound.

As we stated in *Cheltenham Township v. Cheltenham Township Police Department (Cheltenham II),* 11 Pa.Commonwealth Ct. 348, 352–353, 312 A.2d 835, 838 (1973),

sible, the General Assembly, on August 5, 1991, amended 71 P.S. § 5955 to read in pertinent part as follows:

*Regardless of any other provision of law,* pension rights of State employees shall be determined solely by this part or any amendment thereto, and no collective bargaining agreement *nor any arbitration award* between the Commonwealth and its employees *or their collective bargaining representatives* shall be construed to change any of the provisions herein ... (emphasis added).

5. It would be equally illogical to contend that the legislative branch of the municipality could be mandated by an arbitrator's award to violate a state statute.

[t]here must be excluded from the scope of the Act [Act 111] and necessarily outside of the definition of bargainable issues, any subject which would require the government employer to perform any duty or to take some action which is specifically or impliedly prohibited by the statutory law governing its affairs. Such subjects are, of course, equally beyond the scope of an arbitration award.

In this case, the arbitrator acted in excess of his powers when he permitted retirement at the age of fifty after twenty years of service in violation of existing state and municipal law. We therefore reverse.[6]

## ORDER

AND NOW, this 17th day of December, 1992, the order of the Columbia County Court of Common Pleas, No. 979 of 1990, dated September 30, 1991, is reversed.

---

**6.** We note that, in its appeal to us, the Borough cited *Perruso v. Township of Palmer*, 141 Pa.Commonwealth Ct. 520, 596 A.2d 292 (1991) for the point that 53 P.S. § 769 is self-executing and, therefore, compliance with it is mandatory. We do not rely on *Perruso* for disposition of this case as there the action was brought in equity and our scope of review in equity matters differs from the standard of review applicable here, and because, unlike *Perruso*, this case also involves Act 111.