632 A.2d 1018

**BOROUGH OF CRESSONA**

v.

**FRATERNAL ORDER OF POLICE BLACK DIAMOND LODGE NO. 80, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1993.

Decided Oct. 18, 1993.

142

James L. McAneny, for appellant.

Thomas J. Nickels, for appellee.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

The Fraternal Order of Police Black Diamond Lodge No. 80 (FOP) appeals from an order of the Court of Common Pleas of Schuylkill County (trial court) vacating that portion of an Act

111[1] arbitration changing the time period to be used for calculating the pension of the-then Chief of Police.

The FOP is the designated bargaining agent for the Borough of Cressona Police Department. In March of 1991, anticipating the expiration of the 1989–1991 contract, the FOP and the Borough of Cressona (Borough) began negotiations on a new contract to commence on January 1, 1992. Ultimately, because of an inability to reach an agreement, the Borough and the FOP submitted the contract to binding "interest arbitration"[2] in accordance with the provisions of Act 111.

In September of 1991, Chief of Police Wilfred Daubert submitted to Borough Council a notice of his intention to retire as of December 31, 1991, which Borough Council accepted on December 2, 1991. Chief Daubert, however, on December 16, 1991, submitted a letter to Borough Council stating that he was making his retirement effective as of January 5, 1992, rather than December 31, 1991. On December 18, 1991, the Board of Arbitrators issued its award, including a provision directing that Chief Daubert's pension benefits, and only his benefits, were to be based on his salary during the last 12 months of service rather than the last 36 months as required by the Police Pension Fund Act, Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. § 771 (Act 600).[3]

1. Collective Bargaining for Police and Fireman Act, Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10.

2. Interest arbitration is the name given to the procedure that is used when parties are unable to arrive at a collective bargaining agreement. *Geriot v. Council of Borough of Darby,* 491 Pa. 63, 69, n. 6, 417 A.2d 1144, 1147, n. 6 (1980). Under this procedure, a board of three arbitrators is appointed with one member selected by each party and the third member agreed upon by both parties. Section 4 of Act 111, 43 P.S. § 217.4.

3. Act 600 is one method authorized by the legislature for municipalities to establish police pension funds and contains the regulations for their terms and operation. Section 1–12, 53 P.S. §§ 761–778. The Borough of Cressona Police Pension Fund was established under Act 600. Section 5 of Act 600, 53 P.S. § 771, governs the method for calculation of pension benefits and provides:

The basis for determining any pension payable under this act, ..., shall be as follows:

The Borough appealed that portion of the award modifying the formula for calculating pension benefits to the trial court, contending that the modified pension provision exceeded the scope of the Board of Arbitrators' power. The Borough contended that the pension benefits formula in the arbitration provision was in excess of the last 36 month formula set forth in Act 600. In addition, the Borough contended that Chief Daubert's retirement was effective December 31, 1991, during the prior contract, and, as such, the issue should not have been considered in the arbitration of the new contract.

While not addressing when Chief Daubert's retirement became effective, the trial court held that the Borough had established an Act 600 pension fund and the Act 600 provision that pension benefits be calculated on the basis of a minimum of the last 36 months of salary controlled. Because the Board of Arbitrators' award calculating Chief Daubert's pension benefits based on his last 12 months of salary exceeded the statutory provisions in Act 600, the trial court vacated that portion of the award. This appeal followed.

 Our standard of review in Act 111 interest-arbitration cases is in the nature of narrow certiorari and limited to questions regarding: (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) an excess in exercise of the arbitrator's powers; and (4) deprivation of constitutional rights. *See Washington Arbitration Case,* 436 Pa. 168, 174, 259 A.2d 437, 441 (1969). Under this "narrow certiorari" standard of review, the courts give even greater deference to an arbitrator's award than is given in judicial review of Act 195 and other arbitration proceedings. *City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Wilson),* 129 Pa. Commonwealth Ct. 392, 401, 565 A.2d 1232, 1237 (1989).

 The FOP contends that the trial court erred in holding that Act 600 controls and precludes a calculation of pension benefits based on any time period less than the

Monthly pension or retirement benefits other than length of service increments shall be computed at one-half the monthly average salary of such member during not more than the last sixty nor less than the last thirty-six months of employment.....

average salary for the last 36 months of service. The basis of its contention is that because its police department has less than three members, the Borough had the option to establish the pension fund under either the provisions of Act 600[4] or Section 1131 of the Borough Code (Borough Code).[5] Unlike Act 600, the Borough Code does not require that pension benefits be calculated on the average monthly salary for the last 36 months of service but, rather, leaves the time period of service used to calculate pensions to the discretion of the borough council. The FOP argues that because it was within the discretion of the Borough to choose whether to establish the police pension plan under either Act 600 or the Borough Code, the Board of Arbitrators had the power to order the Borough to pay pension amounts permissible under either plan.[6] Because under the Borough Code it was not illegal to calculate pensions on the average salary paid in the last 12

4. Section 1 of Act 600, 53 P.S. § 767, provides in part:

 Each borough, town and township of this Commonwealth maintaining a police force of three or more full-time members shall, *and all other boroughs, towns and townships may, establish by ordinance or resolution, a police pension fund or pension annuity....* (Emphasis added.)

5. Section 1131 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46131, provides:

 Where a police force of less than three members is being maintained, the borough may, ..., by ordinance, provide for the purchase of annuity contracts for the payment of pensions, or establish a police pension fund into which each member of the police force shall pay an equal and proportionate monthly charge to be withheld from the pay of such member. All pension funds established under the provisions of this section shall be ... applied under such regulations as the council may by ordinance prescribe for the benefit of such members of the police force as shall receive honorable discharge therefrom by reason of age or disability and the families of such as may be injured or killed in the service. Any allowances made to those who are retired by reason of disability or age shall be in conformity with a uniform scale.

6. A board of arbitrators can order a political subdivision to do anything within its delegated authority. *See Tate v. Antosh*, 3 Pa. Commonwealth Ct. 144, 153, 281 A.2d 192, 198 (1971). However, it may not require a governing body to implement an award in contravention of state statutes. *Fraternal Order of Police v. Hickey*, 499 Pa. 194, 452 A.2d 1005 (1982).

months, the FOP contends that the Board of Arbitrators' award should be upheld.[7] We disagree.

While the General Assembly did give the Borough the option to establish a police pension fund under either Act 600 or the Borough Code, once the Borough chose Act 600, that Act governs all aspects of managing the fund and awarding benefits. From that point forward, the Borough Code had no application to the fund; it is as if it didn't exist. Because the Borough is not permitted to apply any provision of the Borough Code to the governance of its police pension fund, it was also in excess of the Board of Arbitrators' powers to do so.

■ As to whether an arbitration award can change a provision of Act 600, in *In re Arbitration Between the Borough of Berwick and the Borough of Berwick Police Department*, 152 Pa. Commonwealth Ct. 242, 618 A.2d 1185 (1992), we held that it was in excess of the Board of Arbitrators' authority to do so. In *Berwick*, at issue was whether the Board of Arbitrators could order the borough to provide retirement benefits after 20 years of service rather than the mandatory minimum for retirement of 25 years of service provided for in Act 600. We held such an award to be in excess of the Board of Arbitrators' authority because it contravened Act 600 and vacated that portion of the award. *Id.* at 246–48, 618 A.2d at 1187–88.

■ Just as we vacated the award in *Berwick* decreasing the years of service needed to retire set forth in Act 600 as being in excess of the Board of Arbitrators' powers, this Board of Arbitrators' award providing that Chief Daubert's pension benefits be based on his average salary for his last 12 months of service rather than the 36 months required by Act 600 is

7. The FOP also contends that if the issue of when Chief Daubert retired is determinative, because the trial court did not address whether his retirement was effective December 31, 1991, or January 5, 1992, the record is incomplete making a remand necessary. Because of the manner in which we have decided this case, we need not reach that issue.

also in excess of its authority. Accordingly, we affirm the trial court's decision vacating that portion of the award.[8]

## ORDER

AND NOW, this 18th day of October, 1993, the order of the Schuylkill County Court of Common Pleas dated March 4, 1993, No. S–128–1992, is affirmed.

8. Even if the Borough Code controlled the pension fund, the Board of Arbitrators' award would still be in excess of its authority because it treats Chief Daubert differently than other members of the police force. Section 1131 of the Borough Code requires that "[a]ny allowances made to those who are retired by reason of disability or age shall be in conformity with a uniform scale." Under the current Borough Ordinance, pension benefits are calculated on the last 36 months of service. Because the Board of Arbitrators shortened the period for calculating only Chief Daubert's pension benefits, the result is a non-uniform calculation of benefits in violation of Section 1131's mandate.