## BOROUGH OF Jim THORPE

v.

## JIM THORPE BOROUGH POLICE DEPARTMENT, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 13, 1996.
Decided Aug. 22, 1996.

pension benefits received by Attenberger on a     week-by-week basis.

James L. McAneny, for Appellant.

Roger N. Nanovic, II, for Appellee.

Before FLAHERTY and LEADBETTER, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

The narrow issue in this police pension fund case is whether a 1995 amendment to the Police Pension Fund Act, effective after a 1993 trial court decision striking part of an arbitration award and while the appeal of that decision is pending with this Court, is determinative of our review of the arbitration award. We hold that it is.

Appellant Jim Thorpe Borough Police Department appeals a March 12, 1993 Order of the Court of Common Pleas of Carbon County which vacated a provision of an arbitrator's award ordering the return of member contributions to the police pension plan. We will reverse the trial court's decision vacating this provision.

Appellee Jim Thorpe Borough and its Police Department resorted to binding arbitration pursuant to, what is commonly called, Act 111[1] when they reached an impasse in negotiating a collective bargaining agreement for the period January 1, 1992 through December 31, 1993. On April 7, 1992, a hearing was held before a panel of arbitrators, and on July 6, 1992, an Award was entered. Paragraph 4 of the Award, addressing the terms of the police pension plan, amended the collective bargaining agreement to provide that members of the pension fund would no longer be required to contribute monies to the

---

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1—217.27.

pension fund. (Paragraph 4(d) of the Award; R.R. at 8a.) Paragraph 4(e) then provided as follows:

> All monies heretofore paid into the pension fund by members shall be refunded to such members, without interest.

(R.R. at 8a.)

On August 3, 1992, the Borough appealed the Award to the trial court. On March 11, 1993, the court issued a well-reasoned Opinion and Order modifying various provisions of the award, and striking and vacating Paragraph 4(e), the provision requiring the return of pension contributions. Relying on this Court's decision in *Bedford Police Organization v. Borough of Bedford,* 150 Pa.Cmwlth. 652, 615 A.2d 1007 (1992), the trial court concluded that in enacting Paragraph 4(e) the arbitrators had exceeded their statutory authority. The Police Department's appeal to this Court ensued.[2]

On appeal, the Police Department concedes that the trial court's March 11, 1993 decision was proper based upon the law as it existed at that time. It argues, however, that the trial court's vacation of Paragraph 4(e) of the Award should now be reversed because a subsequent amendment to the police pension statute explicitly mandates the refund of pension contributions. We agree.[3]

Effective June 30, 1995, the General Assembly enacted Act 22 thereby amending Section 6 of what is commonly known as the Municipal Police Pension Law[4] to read in relevant part as follows:

> If an actuarial study shows that the condition of the police pension fund of any borough, town or township is such that payments into the fund by members may be reduced below the minimum percentages hereinbefore prescribed, or eliminated, and that if such payments are reduced or eliminated contributions by the borough, town or township will not be required to keep the fund actuarially sound, the governing body of the borough, town or township may, on an annual basis, by ordinance or resolution, reduce or eliminate payments into the fund by members. **Except as otherwise provided in this subsection, reduction or elimination of member contributions shall not permit the return of contributions or any interest or fund earnings to be made to members while actively employed as a police officer by any borough, town or township subject to this act. Where an agreement, collectively bargained or otherwise, arbitration award or court decision was agreed to, issued or rendered on or prior to February 23, 1994, which provided for a return of contributions, with or without interest, or fund earnings to members, a return of contributions, with or without interest, or fund earnings shall be made to members and any such return of contributions shall reduce or eliminate any entitlement to refunds pursuant to section 9.** No borough, town or township making such return or member receiving such return shall be required to restore to the fund any such contributions, interest or fund earnings.

53 P.S. § 772(c). Act 22 became effective during the pendency of the Police Department's appeal. Inasmuch as a party whose case is pending on appeal is entitled to the benefit of changes in law which occur before the judgment becomes final, *Blackwell v. State Ethics Commission,* 527 Pa. 172, 589

---

**2.** The Police Department filed its appeal with this Court on April 8, 1993. It subsequently filed an application for relief seeking a stay of the proceedings pending determination of a petition for allowance of appeal to the Supreme Court in *In Re: Arbitration Between the Borough of Berwick and the Borough of Berwick Police Department,* 152 Pa.Cmwlth. 242, 618 A.2d 1185 (1992). The stay was granted, and on February 28, 1994, the appeal in the *Berwick* case was denied (536 Pa. 647, 639 A.2d 33 (1994)). The parties then proceeded with the instant appeal.

**3.** The scope of our review in this case is in the nature of narrow certiorari and, thus, the arbi-

tration award may only be reviewed to determine questions regarding 1) the jurisdiction of the arbitrators; 2) the regularity of the proceedings; 3) an excess of the arbitrators' power; and 4) deprivation of constitutional rights. *Pennsylvania State Police v. Pennsylvania State Troopers' Association,* 540 Pa. 66, 656 A.2d 83 (1995); *Stroud Township v. Stroud Township Police Department Association,* 157 Pa.Cmwlth. 228, 629 A.2d 262 (1993), *petition for allowance of appeal denied,* 536 Pa. 649, 639 A.2d 35 (1994).

**4.** Act of May 29, 1956, P.L. (1955) 1804, 53 P.S. § 772.

A.2d 1094 (1991), the amendment now controls our review of the case.

The Award in this case was rendered on July 6, 1992. This was obviously prior to the February 23, 1994 date included in Act 22.[5] Accordingly, pursuant to the plain meaning of the statute, a return of contributions *shall be made.* Paragraph 4(e) of the Award was clearly appropriate under this provision and must be reinstated.

■ The Borough challenges the validity of Act 22 and its applicability to this case on several grounds. First of all, it argues that the amendment should not be interpreted to require a refund of contributions by those municipalities, like Jim Thorpe Borough, which successfully challenged agreements, arbitration awards or court decisions addressing such refunds. The Borough claims that the General Assembly intended Act 22 as a form of remedial legislation to protect municipalities which had not challenged agreements or awards requiring the return of pension contributions.

■ Citing Section 1921(c) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c), the Borough argues that the Police Department's interpretation of Act 22, requiring a refund of contributions, would ignore the intent of the General Assembly. In this case, however, we will not engage in analyzing the legislative intent behind Act 22. Where, as here, statutory language is explicit, this Court must follow its plain language and not resort to other methods of statutory construction. *Allegheny County Institution District v. Department of Public Welfare,* 668 A.2d 252 (Pa.Cmwlth.1995). Moreover, because the language of Act 22 is clear and unambiguous, we cannot ignore its "letter" under the pretext of pursuing its supposed spirit. *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b).

■ The Borough also argues that Act 22 is arbitrary and capricious and violative of both the United States and Pennsylvania constitutions. Specifically, it claims that Act 22 violates the bar against "special legislation" contained in the Pennsylvania Constitution and the federal equal protection clause, because it creates two classes of police pension fund members. According to the Borough, Act 22 classifies those members for whom a return of contributions has been authorized by an agreement or arbitration award which was improper when made, but is now proper under Act 22, and those members for whom no return of contributions was ever authorized. It argues that this classification arbitrarily requires refunds to police officers where none should have been authorized and denies refunds to officers without an improper agreement.

The Borough's argument has no support within the language of Act 22 and is without merit. Act 22 simply states that where a return of contributions was authorized prior to February 23, 1994, such a refund shall be made. If a group of pension fund members had an agreement, award or court decision providing for a return of contributions prior to this date, they would be now entitled to the refund. If a group of members had no such agreement pertaining to the return of pension contributions, they would not be entitled to a refund because it would not be at issue. There is no unreasonable classification of pension fund members created by Act 22.

■ We also find without merit the Borough's final argument that Act 22 violates substantive due process rights because it bears no rational relationship to a legitimate government interest and because it retroactively impairs contractual rights in pension plan assets. The General Assembly, in enacting Act 22, mandated that the return of pension contributions was proper for a certain period of time, encompassing the date on which the arbitration award at issue in this case was issued. The contractual rights granted by the police pension statute were thereby altered for the time period at issue, not improperly impaired.

---

**5.** We note also that this is the date on which our Supreme Court entered a final order in *Stroud Township* denying a *petition for allowance of appeal.* We conclude that the Legislature intended that Act 22 prohibitions against contribution refunds would not affect arbitration decisions and contract agreements entered prior thereto.

The Police Department argues that, in any event, the Borough does not have standing to challenge the constitutionality of Act 22. We agree. We conclude that it is the pension plan participants and not the Borough who have the direct, immediate and substantial interest in any modifications to the pension plan. *See Board of Commissioners of Montgomery County v. Lukens,* 51 Pa.Cmwlth. 576, 415 A.2d 118 (1980), *affirmed,* 494 Pa. 64, 428 A.2d 972 (1981), where we held that the County, as employer, had no standing to challenge the validity of mandated collective bargaining rights under the Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. § 217.1 (Act 111); and *Lee v. Municipality of Bethel Park,* 156 Pa.Cmwlth. 158, 626 A.2d 1260 (1993), where we held that in the absence of allegations that the financial integrity of a police plan was threatened, even the police officers themselves lacked standing.

In conclusion, Paragraph 4(e) of the Award, which was quite properly stricken by the trial court when it entered its March 12, 1993 decision, is now valid and pension contributions must be returned. Accordingly, that portion of the court's decision striking Paragraph 4(e) will be reversed and that provision of the Award reinstated.

### *ORDER*

AND NOW, this 22nd day of August, 1996, the order of the Court of Common Pleas of Carbon County, dated March 12, 1993, is hereby reversed, and Paragraph 4(e) of the July 6, 1992 Arbitration Award is reinstated.

LEADBETTER, J., dissents.