# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luke Riley and Dawn Riley      :
                                   :

          v.                   :    No.  766 C.D. 2020
                                   :    Argued:  May 12, 2021

Liberty Borough,            :
                   Appellant     :

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                FILED:  August 6, 2021

           Liberty Borough (the Borough) appeals, pursuant to this Court's September 16, 2020 Order granting its Petition for Permission to Appeal the May 28, 2020 Order of the Court of Common Pleas of Allegheny County (trial court), as amended by the trial court's July 9, 2020 Order granting Appellate Certification, which denied the Borough's Motion for Judgment on the Pleadings.  In the underlying proceedings before the trial court, Luke Riley (Riley),[1] the Borough's

---

[1] In Riley's filings before the trial court and now this Court, both Riley and his wife, Dawn Riley, are named parties.  The Borough asserts that Dawn Riley is inappropriately named in this action as she is neither enrolled in the Borough's pension plan nor directly eligible for its pension benefits.  While we acknowledge the distinction asserted by the Borough, we have included Dawn Riley in the caption of the instant case in keeping with the matter's prior procedural history.

police chief, alleged breach of contract and unjust enrichment related to his pension benefits. Before the trial court, and in its present permissive interlocutory appeal, the Borough contends that Riley is covered by a pension plan under the Pennsylvania Municipal Retirement Law, Act of February 1, 1974, P.L. 34, No. 15, *as amended*, 53 P.S. §§ 881.401-881.413, commonly called "Act 15," but that he is not eligible to receive a pension under what is known as the Municipal Police Pension Law, Act of May 9, 1956, P.L. 1804, No. 600, *as amended*, 53 P.S. §§ 767-778, commonly called "Act 600," because the Borough never enacted the ordinance statutorily required to create an Act 600 pension plan. Riley contends that pursuant to principles of contract law, the Borough is required to provide him with the Act 600 benefits. Upon consideration, we affirm the May 28, 2020 Order of the trial court.

## I.    Background

Riley served as the Borough's Chief of Police for more than 20 years, until his retirement at the end of 2020. Reproduced Record (R.R.) at 77a. On April 13, 2016, Riley signed a written contract (the 2016 Agreement) related to his employment and drafted by the Borough's solicitor. The 2016 Agreement, in relevant part, contained the following language:

ARTICLE IV – RILEY FRINGE BENEFITS

The Borough agrees to provide Riley with the following fringe benefits during the term of his Employment Agreement:

***

12.    Police Pension Benefits – RILEY shall be entitled, in accordance with Act 600, 53 P.S. [§§ 767-778], to police pension plan benefits which shall require the BOROUGH to contribute a minimum amount of Two ($2.00) Dollars per hour to a Police Pension Plan for each hour worked by RILEY.

2

R.R. at 79a-80a. At the time the 2016 Agreement was executed, Riley had an existing Act 15 pension with the Borough. R.R. at 147a.

Throughout March and April of 2019, Riley requested payment from the Borough for sick, vacation, and compensation days, for a total of 240 days, pursuant to an Act 600 pension, to calculate and finalize his retirement. R.R. at 7a, 20a. Following nonreceipt of the requested payment, on May 19, 2019, Riley filed a Complaint against the Borough with the trial court, asserting causes of action for breach of contract and unjust enrichment. R.R. at 29a. Riley later filed an Amended Complaint on July 17, 2019. *Id.*

The Borough filed Preliminary Objections and an accompanying brief on August 19, 2019. The Preliminary Objections were denied by the trial court on October 22, 2019. *Id.* at 28a, 149a. Subsequently, on January 17, 2020, the Borough filed an Answer and New Matter to Riley's Amended Complaint (Answer). *Id.* at 140a. In its Answer, the Borough explained:

> [The Borough] admits only that [] Riley signed the [2016] Agreement for Chief of Police, which is attached to [Riley's] Amended Complaint as Exhibit A. [The Borough] does not know the date that [Riley] signed the Agreement. By way of further answer, paragraph 12 of the [2016] Agreement contains a scrivener's error in that "Act 600, 53 P.S. [§§ 767-778]" was erroneously referenced. The minimum contribution of $2 per hour referenced therein was and is required under Section IV of the Pennsylvania Municipal Retirement Law, Act 15 of 1974, *as amended*, 53 P.S. [§§ 881.401-881.413 (Act 15).]

*Id.* at 124a. The Borough further stated:

> Riley can only be provided with pension benefits pursuant to ordinance, as more specifically set forth in Section IV of the Pennsylvania Municipal Retirement Law, Act 15 of 1974, *as amended*, 53 P.S. [§§ 881.401-881.413].
> . . . .

3

It is admitted that [the] Borough has not established an Act 600 pension for [] Riley. It is denied that [] Riley is entitled to an Act 600 pension. It is denied that [] Riley is owed any pension as he has not retired. It is denied that he is owed any pension pursuant to Act 600.

. . . .

[] Riley's claim for Act 600 pension benefits fails because such benefits can only be provided by ordinance, as a matter of law. *Carabello v.* [*Bd.*] *of Pension* [*&*] *Retirement*, 893 A[.]2d 211 (Pa. [Cmwlth.] 2006).

*Id*. at 125a, 128a.

On February 19, 2020, the Borough filed a Motion for Judgment on the Pleadings, arguing that no actual case or controversy existed beyond questions of law. Specifically, the Borough asserted that Riley's 2016 Agreement cannot confer a right to Act 600 pension benefits because there is no ordinance in the Borough enabling such a pension plan. On May 28, 2020, the trial court denied the Borough's Motion for Judgment on the Pleadings. In its Order, the trial court opined:

As a matter of law, and undisputed by both parties, no Act 600 pension exists or was funded. However, the [c]ourt finds that an employment contract does exist and there are disputed issues of fact related to the formation and terms of the employment contract to overcome the standard noted above for a Motion for Judgment on the Pleadings.

*Id.* at 165a. The Borough now appeals to this Court.[2]

---

[2] "Our scope of review of an order granting a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether questions of material fact remain outstanding, such that the case should have gone to the jury." *Friends of Pa. Leadership Charter Sch. v. Chester Cnty. Bd. of Assessment Appeals*, 61 A.3d 354, 358 n.5 (Pa. Cmwlth. 2013) (quoting *Tobias v. Halifax Twp.*, 28 A.3d 223, 225 n.4 (Pa. Cmwlth. 2011)). "Our standard of review of an order granting or denying a motion for judgment on the pleadings is plenary." *Friends of Pa. Leadership Charter Sch.*, 61 A.3d at 358 n.5 (quoting *Trib Total Media, Inc. v. Highlands Sch. Dist.*, 3 A.3d 695, 698 n.3 (Pa. Cmwlth. 2010)).

4

## II.     Discussion

Before this Court, the Borough argues that Riley is not entitled to pension benefits under Act 600 based on the language of the 2016 Agreement, as the Borough has not passed an ordinance creating an Act 600 pension plan. Further, the Borough asserts that state law does not require it to provide an Act 600 pension plan and that, in a proper exercise of its discretion, Riley is to be compensated according to an established Act 15 plan and as a result, the error in the 2016 Agreement will be addressed. Finally, the Borough contends that Riley's equitable unjust enrichment claim is not a basis for recovery because the claim is based on a written agreement, namely the 2016 Agreement. Riley maintains that he is entitled to damages under contract law due to the failure of the Borough to enact an ordinance to create an Act 600 pension fund through its own negligence.

### A. Absence of an Act 600 Pension Plan Enacted by Ordinance

A municipality, like the Borough, may offer a police pension plan only if it first passes an ordinance. Section 1 of Act 600, 53 P.S. § 767(a)(1), reads:

> Each borough, town and township of this Commonwealth maintaining a police force of three or more full-time members and each regional police department shall, and all other boroughs, towns or townships may, establish, **by ordinance or resolution**, a police pension fund or pension annuity to be maintained by a charge against each member of the police force, by annual appropriations made by the borough, town, township or regional police department, by payments made by the State Treasurer to the municipal treasurer from the moneys received from taxes paid upon premiums by foreign casualty insurance companies for purposes of pension retirement for policemen, and by gifts, grants, devises or bequests granted to the pension fund pursuant to section two of this act.

(Emphasis added.) The parties do not dispute that, in the instant case, the Borough never enacted an ordinance establishing an Act 600 pension plan.

5

The Borough has less than three police officers, and therefore, is permitted to choose a pension plan different from an Act 600 pension plan. *See Borough of Cressona v. Fraternal Ord. of Police Black Diamond Lodge No. 80*, 632 A.2d 1018, 1021 (Pa. Cmwlth. 1993) (explaining that because the plaintiff borough had fewer than three full-time officers, "the General Assembly did give the Borough the option to establish a police pension fund under either Act 600 or the Borough Code[3]"). On January 15, 2004, the Borough passed Ordinance 504, enacting an Act 15 plan pursuant to Article IV of Act 15. As the Chief of Police, Riley was required to become a member of the Act 15 plan and system. *See* R.R. at 133a.

Because the Borough implemented an Act 15 pension plan for its police officers, Riley is eligible to receive Act 15 pension benefits upon his retirement. While the 2016 Agreement included language referencing an Act 600 pension, the Borough asserts that this reference was made in error and to require compensation of Riley under an Act 600 pension, in addition to the existing Act 15 pension, would be contrary to controlling statutory law. While Riley contends that the 2016 Agreement served as a binding contract requiring his receipt of an Act 600 pension, the Borough asks this Court to consider previous, similar claims brought by municipal employees who allege breach of contract to provide pension benefits.

"It is well settled that a contract which violates a statute is illegal and will not be enforced." *Robinson Coal Co. v. Goodall*, 72 A.3d 685, 690 (Pa. Super. 2013).[4] Further, it is well established that the courts in this Commonwealth will not enforce a contractual term that violates a statute. *See 340B Mgmt., LLC v. RX Blue*

---

[3] 8 Pa.C.S. §§ 101-3501.

[4] Although not binding, Superior Court decisions are persuasive authority in this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

*Star Sols., LLC*, 176 A.3d 1001, 1008 (Pa. Super. 2017) (affirming trial court's award of judgment notwithstanding the verdict that nullified a jury verdict finding that defendant breached a contract by failing to provide payments that would have violated the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(1)(B)). Thus, the Borough asserts that to impose an obligation under a non-existent Act 600 plan would run counter to the statutory requirement that police pension plans "shall" be created by "ordinance or resolution," thereby resulting in the enforcement of an agreement nullified by illegality.

In *Carabello*, this Court rejected the plaintiff's breach of contract and equitable claims, holding that, even if a municipal official allegedly provided erroneous pension advice, that advice would have violated an ordinance regarding which pension plan applied to plaintiff, and thus, the advice did not create a right of action. 893 A.2d at 215. "[E]ven if [the official had mistakenly assured Carabello– which he did not–that he would be able to repurchase his credited vested service under Plan J, Carabello would still not be under Plan J [pursuant to the ordinance that created different pension plans]." *Id.* Similarly, as argued by the Borough, even if Riley received mistaken assurance that he was eligible for an Act 600 pension, he would still not be eligible for such a pension as this runs contrary to the pension plan expressly permitted by the Borough's ordinance.

Before this Court, the Borough also notes that the description of the specific pension benefits in the 2016 Agreement is consistent with the benefits of an Act 15 pension plan, not an Act 600 plan. Additionally, Riley admitted in his complaint that not only is he covered by the Act 15 plan, but that no Act 600 plan exists. *See* R.R. at 8a-9a, 163a. Riley's acknowledgements in his pleadings, responses, and briefs constitute judicial admissions. *See Scalice v. Pa. Emps. Benefit*

7

*Tr. Fund*, 883 A.2d 429, 436 (Pa. 2005). "[T]he term 'judicial admission' refers to an advantageous allegation of fact that is made by a party in a pleading . . . ." *Id.* (citation omitted).

Furthermore, the 2016 Agreement contains a "Separability Clause" at Article IX, whereby Riley and the Borough agreed that "[i]f any provision of this Agreement shall be determined to be illegal or unlawful, then such provision shall be considered to be stricken from this Agreement and, so far as possible and reasonable, all other provisions of this Agreement shall remain in full force and effect." R.R. at 18a. "This agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania." *Id.* Thus, as a pension plan can only be established through an enabling ordinance, and in the instant case, the Borough did not enact an ordinance to establish an Act 600 pension plan, the references to the Act 600 pension are unlawful and considered stricken from the Agreement.

While this Court acknowledges a duty to perform agreements in good faith, the 2016 Agreement's reference to an Act 600 pension is illegal and unenforceable. *See Somers v. Somers*, 613 A.2d 1211, 1213 (Pa. Super. 1992). Section 1 of Act 600, 53 P.S. § 767(a)(1), clearly requires that in order for a municipality to properly enact an Act 600 pension plan, its establishment must be achieved through the adoption of a related ordinance. In the instant case, the Borough did not enact an Act 600 pension plan because it did not engage in the requisite ordinance adoption process to provide its police officers with Act 600 pension benefits. While the language of the 2016 Agreement references Act 600, this inclusion alone does not empower this Court to enforce the payment of Act 600 pension benefits as this action would run contrary to law.

## B. Borough's Motion for Judgment on the Pleadings

"[A] motion [for judgment on the pleadings] may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise." *Pfister v. City of Phila.*, 963 A.2d 593, 598 n.12 (Pa. Cmwlth. 2009) (citing *Felli v. Dep't of Transp.*, 666 A.2d 775, 776 n.2 (Pa. Cmwlth. 1995)). While this Court determined above that the Borough did not properly create an Act 600 pension through the enactment of an ordinance, and thus, Riley is not entitled to Act 600 benefits, it is this Court's understanding that there are issues of material fact that still remain to be addressed prior to a full resolution of this case. Therefore, the trial court correctly denied the Borough's Motion for Judgment on the Pleadings.

The appeal now before this Court is interlocutory, and by its very nature, will not provide a conclusion to the instant controversy. However, this Court believes that the present dispute will benefit from the discovery process and the creation of a more complete record. As the case sits currently before us, it is difficult to ascertain what, if any, relief would be appropriate to grant Riley given a lack of relevant details, particularly those involving financial information, including pension contributions and payments by either party.

Riley contends that he possesses the requisite elements to satisfy a claim of unjust enrichment and further asserts that by the Borough not paying for an Act 600 pension account, monies are retained by the Borough, resulting in its enrichment to Riley's detriment. To recover damages for unjust enrichment, a party must show both "(1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 896 (Pa. Super. 2011). The doctrine of unjust enrichment "'does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff.'" *Id.* at 896

9

(quoting *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993)). Yet, "[w]here one receiving money from another for a particular purpose neglects or refuses to apply the money to such purpose, the money may be recovered in an action for money had and received." *Wilson Area Sch. Dist. v. Skepton*, 860 A.2d 625, 631 (Pa. Cmwlth. 2004) (citing *First Nat'l Bank of Monongahela City v. Carroll Twp.*, 27 A.2d 527 (Pa. Super. 1942)). While these principles are potentially applicable in the instant case, the absence of information and records regarding contributions and payments between the parties makes it impossible to fairly evaluate, at present, whether Riley's claim of unjust enrichment is at all meritorious.

Further, in his brief, Riley alleges that, before this Court, the Borough incorrectly relies upon facts not agreed upon by the parties. Specifically, Riley states: "The Borough attempts to mislead this Court into believing that an Act 15 pension was created pursuant to the terms of the 2016 Agreement to provide the contractual pension benefit to Riley but under a different vehicle. This is patently false." Riley's Br. at 9. Riley also explains that whether the reference to an Act 600 pension in the 2016 Agreement was a "misstatement" is disputed, and he believes that "the plain and unambiguous reference to Act 600 is controlling." Riley's Br. at 10 (citations omitted). Thus, outstanding questions of material fact remain unsettled. *See Friends of Pa. Leadership Charter Sch.*, 61 A.3d at 358 n.5.

In its May 29, 2020 Order denying the Borough's Motion for Judgment on the Pleadings, the trial court explained:

> Here, the [c]ourt notes the [Borough] admits in its Answer and New Matter that an employment contract did exist between [Riley] and [the Borough]. *See* [the Borough]'s Answer and New Matter Paragraph[s] 5, 20, and 41. As a matter of law, and undisputed by both parties, no Act 600 pension exists or was funded. However, the Court finds that an employment contract does exist and there are disputed issues of fact related to the formation and terms of the employment contract to

10

overcome the standard noted above for a Motion for Judgment on the Pleadings.

Trial Ct. Order, 05/29/2020. In consideration of the issues before this Court, we agree with the trial court that further proceedings are necessary to determine the outcome of this case. Thus, the matter should return to the trial court for further assessment of the parties' outstanding disputes.

### III. Conclusion

Because the Borough did not lawfully establish an Act 600 pension plan, despite its 2016 Agreement language, Riley is not eligible for Act 600 pension benefits. However, the Borough has not met its burden to demonstrate that granting its Motion for Judgment on the Pleadings is warranted. Therefore, we affirm the Order of the trial court.

_____
J. ANDREW CROMPTON, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luke Riley and Dawn Riley    :
    :
    v.    :  No. 766 C.D. 2020
    :
Liberty Borough,    :
    Appellant    :

**O R D E R**

**AND NOW**, this 6th day of August 2021, we **AFFIRM** the May 28, 2020 Order of the Court of Common Pleas of Allegheny County.

_____
J. ANDREW CROMPTON, Judge